# Mylin, Appellant, *v.* Ransley.

*Sheriff's sale—Sheriff's deed — Acknowledgment — Delivery to prothonotary.*

When, in pursuance of a sheriff's sale, the sheriff executed a deed and acknowledged the same before the prothonotary, and the prothonotary after holding the deed for two years returned it to the sheriff who properly recorded the same, the latter has done all that is required of him by law and will not be liable to the purchaser, who has rescinded the sale and demanded a repayment of the purchase money.

Under the provisions of the Act of April 22, 1905, P. L. 265, it is the duty of the prothonotary to deliver the deed to the sheriff after the final disposition of any motions or exceptions which might be made to its confirmation. It is not the latter's duty to inquire whether there is any such motion pending or exception filed. When the record is in proper form, the prothonotary must act, and the sheriff cannot be held liable for the delay of the prothonotary. Nothing more could be required of the sheriff, in the first instance, than the acknowledgment of the deed and the delivery to the prothonotary. Having done what the law required of him, he is not responsible to the plaintiff.

Argued October 9, 1919. Appeal, No. 124, Oct. T., 1919, by plaintiff, from judgment of C. P. No. 5, Phila. County, Sept. T., 1918, No. 2230, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Albert W. Mylin, to the use of Robert D. Kinney, v. Harry C. Ransley. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Dismissed.

Rule for judgment for want of a sufficient affidavit of defense. Before STAAKE, J.

554, (1920).] Assignment of Error—Opinion of the Court.

The opinion of the Superior Court states the case. The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Robert D. Kinney*, for appellant.

*George S. Russell*, for appellee.

OPINION BY TREXLER, J., February 28, 1920:

This action was brought to recover the purchase money and fees paid to the defendant as sheriff upon a sale of real estate to the plaintiff. The court below discharged the rule for judgment for want of sufficient affidavit of defense. The facts admitted of record are as follows:

The defendant, sheriff of Philadelphia County, on September 18, 1916, sold to Robert D. Kinney a piece of real estate for two hundred and fifty dollars. After the full purchase price was paid, the plaintiff assigned his rights under the purchase to Albert W. Mylin on October 10th, and a draft of a deed was delivered to the sheriff, who on the 25th day of September, 1916, acknowledged the same before the prothonotary of the court of common pleas and surrendered the same into the custody of the said prothonotary, who retained it until the 14th day of October, 1918, almost two years later, when he delivered it to the sheriff, who on the same day caused it to be registered and entered of record in the office of the recorder of deeds. This suit was brought October 21, 1918. The plaintiff asserts that on October 10, 1918, he rescinded the sale and demanded a repayment of the purchase money paid to the sheriff, and as far as this is a statement of fact it is not denied by the defendant.

The question before us must be determined by the inquiry as to whether there existed any default in the action of the sheriff. If it appears that he did what the law required, there remains nothing further for us to consider. The Act of April 22, 1905, P. L. 265, relating to sheriff's

and coroner's deeds, provides in section 3, that the sheriff acknowledge the deed before the prothonotary, who is to enter the fact of such acknowledgment on the record, and the deed "shall remain in the custody of the prothonotary." Section 4 provides, "No deed shall be acknowledged before the return day of the writ under which the sale was had, or pending a motion to set aside the sale, or exceptions made to its confirmation; nor shall a deed be delivered while such a motion or exceptions are pending whether made before or after acknowledgment, and until the expiration of such further time, if any, as the court may direct by rule, or special or standing order. At the expiration of the times stated, and after the final disposition of all such motions or exceptions, if any such be made, the prothonotary or clerk shall deliver the deed to the sheriff or coroner, who shall forthwith cause it to be registered in the proper office, if registry be required, and recorded in the office for recording of deeds and so forth for said county. The acknowledgment of the deed, and its delivery to the sheriff or coroner for the purpose of recording, shall operate as a delivery to the grantee or grantees named therein, with the same effect as if acknowledged in open court, under existing laws, and as if delivered to such grantee or grantees personally."

We have quoted the above section in full, for we think a reading of it plainly shows that the plaintiff has no cause of action. The duty is imposed upon the prothonotary to deliver the deed to the sheriff. It is not the latter's duty to inquire whether there is any motion pending or exception filed, which is delaying the delivery of the deed. When the way is clear, the prothonotary is to act. The sheriff certainly cannot be held for the delay of the prothonotary. Nothing more can be required of the sheriff in the first instance than the acknowledgment of the deed, and the delivery to the prothonotary. Having done what the law required of him, he is liable to the plaintiff for nothing.

Taking this view, we need not consider the plaintiff's alleged rescission of the sale, nor the effect on his claim of the delivery of the deed to the sheriff for the purpose of recording, which event occurred prior to the bringing of this suit.

The assignments are overruled and the appeal is dismissed without prejudice.